IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON SCOTT JUDGE,

        Plaintiff,

v.

WISCONSIN DEPARTMENT
OF CORRECTIONS,

        Defendant.

OPINION AND ORDER

21-cv-439-wmc

---

*Pro se* plaintiff Brandon Scott Judge filed this proposed civil action alleging that the Wisconsin Department of Corrections ("DOC") miscalculated his sentence and that he served 10 days longer than he should have. Because Judge invokes this court's jurisdiction solely under 28 U.S.C. § 1331 (dkt. #1 at 4), the court understands him to be proceeding under 42 U.S.C. § 1983 for violation of his federal rights. Judge's complaint is ready for screening as required by 28 U.S.C. § 1915A. For the reasons that follow, the court will dismiss his complaint, but will give Judge the opportunity to file an amended complaint.[1]

ALLEGATIONS OF FACT[2]

Judge is currently incarcerated at Waupun Correctional Institution, but his

---

[1] The court has also reviewed Judge's March 31, 2022, letter asking whether he was correct to file this lawsuit in this district given that the named defendant's main office building is located here. (Dkt. #12.) While the court cannot give advice, it notes as a general matter that under 28 U.S.C. § 1391(a) and (b), a civil action may be brought in a district where one or more of the defendants reside (if they are all residents of the same state), or where a substantial part of events giving rise to the lawsuit occurred.

[2] In addressing any *pro se* litigant's complaint, the court must read the allegations generously and resolve all ambiguities in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint, unless otherwise noted.

allegations concern the calculation of his release date from a prior, unrelated incarceration at Dodge Correctional Institution.

On December 12, 2017, Judge was sentenced in two Eau Claire County criminal cases to a total of 24 months of imprisonment, consisting of 18 months of initial confinement and six months of extended supervision. Judge was released to extended supervision on April 23, 2019, after receiving 43 days of sentence credit. By Judge's calculation, he had at that point served 539 days of what he alleges should be a 720-day sentence, leaving him with 181 days remaining.

On May 10, 2019, Judge was picked up on a revocation hold and taken to the Eau Claire County Jail. His extended supervision was revoked, and Judge was sent to Dodge to serve the remainder of his 24-month sentence. There, Judge learned that he would be released, and his sentence discharged, on November 17, 2019. Judge filed a grievance claiming that this date was incorrect -- he should be released 10 days sooner on November 7, or 181 days from the date he returned to jail. His grievance was denied, as was his appeal of that decision. Judge was held in custody until November 17, and seeks monetary damages for the 10 additional days he spent in custody.

OPINION

Plaintiff alleges that he was held 10 days beyond his rightful release date because the DOC miscalculated the length of his 2017 sentence. Subjecting a prisoner to detention beyond the termination of his sentence violates the Eighth Amendment's proscription

2

against cruel and unusual punishment.[3] *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015). A plaintiff states a claim for an Eighth Amendment violation if he is incarcerated "for longer than he should have been due to the deliberate indifference of corrections officials." *Id.* Deliberate indifference is a high standard, requiring "more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016). A state officer is deliberately indifferent when he does nothing, or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred. *Id.*

Plaintiff's complaint is subject to dismissal at this time because he has failed to name a proper defendant. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, plaintiff would like to proceed against the DOC, but "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999); *see also* 42 U.S.C. § 1983 (allowing suits against "persons"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("a State is not a

---

[3] Plaintiff's claim that he was held contrary to his sentence also implicates his liberty interest under the Fourteenth Amendment's Due Process Clause. U.S. Const. amend. XIV (prohibiting states from depriving "any person of life, liberty, or property, without due process of law"). Due process claims can be procedural or substantive. Plaintiff has not put any policy or procedure at issue here, and plaintiffs should "resort to the substantive guarantees of the Due Process Clause for relief only when there is not 'a particular Amendment [that] provides an explicit textual source of constitutional protection against a particular sort of government behavior.'" *Childress v. Walker*, 787 F.3d 433, 438 (7th Cir. 2015) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 433, 438 (1998)). Here, the Eighth Amendment provides an explicit source of constitutional protection, and the court will therefore analyze plaintiff's claim through that lens.

person within the meaning of § 1983"). Instead, claims for damages under § 1983 must be brought against individuals who were personally involved in the constitutional violation. *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation."). However, plaintiff has not identified any individuals in his complaint, by name or otherwise, so the court cannot infer that any specific official at the DOC or Dodge, or elsewhere, knew that plaintiff should have been released on November 7 as opposed to November 17, and was deliberately indifferent to that fact.

Although plaintiff may not proceed on an Eighth Amendment claim at this time, the court will give him 21 days to amend his complaint and name a proper defendant. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts . . . generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."). If plaintiff fails to file an amended complaint by the deadline indicated below, the court will dismiss his claims for failure to prosecute under Federal Rule of Civil Procedure 41(b). When drafting, plaintiff should include all of his factual allegations in one document, setting forth those allegations in separate, numbered paragraphs using short and plain statements and setting legal argument aside. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (noting that complaints "initiate the litigation," and "legal arguments come later"). He should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events, identifying the specific defendants who are

being sued, and the specific actions taken by each defendant that plaintiff believes violated his rights. After the court receives plaintiff's proposed amended complaint in this lawsuit, the court will screen his amended complaint and determine whether this case may proceed further.

ORDER

IT IS ORDERED that plaintiff Brandon Scott Judge's complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8. Plaintiff has until **May 13, 2022, to file an amended complaint that corrects the deficiency described above. Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).**

Entered this 22nd day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge