UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON SCOTT JUDGE,

                Plaintiff,

        v.                                      Case No. 22-cv-1319-bhl

WILLIAM POLLARD, et al.,

                Defendants.

---

## DECISION AND ORDER

---

Plaintiff Brandon Scott Judge is representing himself and pursuing an Eighth Amendment claim based on allegations that Defendants Warden William Pollard and Corrections Complaint Examiner (CCE) Emily Davidson ignored a miscalculation in his release date, resulting in him serving ten days more than he should have. Dkt. Nos. 14 & 20. On May 15, 2023, Defendants moved for summary judgment. Dkt. No. 46. For the reasons explained below, the Court must grant Defendants' motion and dismiss this case.

## FACTUAL BACKGROUND

Judge is an inmate who has been confined at several different Wisconsin Department of Corrections (DOC) institutions over the years. Dkt. No. 48, ¶1. He has multiple convictions dating back to 2015. *Id.*, ¶¶15, 30. Pollard is Warden of Dodge Correctional Institution; and Davidson is a CCE. *Id.*, ¶¶3-4.

Dodge is the "intake" location for all male inmates entering and leaving DOC custody. *Id.*, ¶8. The records office at Dodge calculates every inmate's period of confinement based on his judgment of conviction and/or re-confinement order. *Id.*, ¶9. On June 9, 2017, a records office

staff member calculated Judge's maximum discharge date. *Id.*, ¶20. This computation was reviewed by another staff member in the centralized records office (CRO), which serves as a sentence computation "proofing department." *Id.*, ¶¶11, 21. For reasons not material to the issues in this case, a different records office staff member confirmed Judge's sentence computation in October 2017; that calculation was also proofed by CRO staff. *Id.*, ¶¶25-27.

On June 12, 2018, a staff member at Green Bay Correctional Institution conducted a new sentence computation for Judge based on new convictions. *Id.*, ¶34. This calculation was again proofed by CRO staff. *Id.* A couple of months later, after an adjustment was made to Judge's judgment of conviction in a 2014 case, the Green Bay staff member re-calculated Judge's maximum release date. *Id.*, ¶¶37-38. However, because of two concurrent 2017 convictions, Judge's maximum release date did not change. *Id.* CRO staff also proofed this calculation. *Id.* In October 2018, yet another sentence computation was calculated by Green Bay staff after Judge received some credit for his 2017 convictions. *Id.*, ¶39. This computation was also proofed by CRO staff. *Id.*

In April 2019, Judge was released on extended supervision, but was returned to Dodge on August 9, 2019 after his extended supervision was revoked. *Id.*, ¶¶41, 45. A staff member at Dodge completed another sentence computation, and the computation was proofed by Dodge staff. *Id.*, ¶43. Judge then wrote to several staff members because he believed his release date was inaccurate. *Id.*, ¶49. In September 2019, at the request of Judge's unit officer, the offender records supervisor reviewed Judge's file. *Id.*, ¶50. According to the supervisor, she conducted a complete and thorough review of Judge's file, including his relevant judgments of conviction and sentence computations, and found no errors in the Green Bay and Dodge staff's calculations. *Id.*, ¶¶51-52.

On September 19, 2019, the supervisor wrote a letter to Judge informing him that she had reviewed his file and had found everything to be accurate. *Id*., ¶53.

On September 23, 2019, Judge submitted an inmate complaint contending that his release date was incorrect. *Id*., ¶54. The Institution Complaint Examiner (ICE) investigated Judge's complaint and reviewed the sentence computation breakdown created by the offender records supervisor. *Id*., ¶55. The ICE recommended dismissal of Judge's complaint as his sentence computation had been reviewed several times and each time it had been determined the computation was accurate. *Id*., ¶56. Pollard, who was responsible for accepting or rejecting the ICE's recommendation, believed the ICE's investigation into Judge's allegations was thorough and the evidence presented by the offender records supervisor in her sentence computation breakdown was accurate, so he dismissed Judge's complaint on September 24, 2019. *Id.*

On October 2, 2019, the CCE's Office acknowledged Judge's appeal of his dismissed complaint. *Id*., ¶58. After reviewing Judge's complaint and information request as well as his offender data form, the computation, and the order, Davidson recommended that the appeal be dismissed. *Id*., ¶¶59-62. On October 30, 2019, the Office of the Secretary accepted Davidson's recommendation and dismissed the appeal. *Id*., ¶63.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Celotex *Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Ames *v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if

3

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party asserting that a fact is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Judge asserts that the offender records supervisor "made a mistake when computing [his] sentence" and that Defendants should have corrected that mistake when he brought it to their attention. Dkt. No. 52. According to Judge, because Defendants failed to correct her mistake, he was incarcerated for ten days more than he should have been. *Id.* Defendants assert that they are entitled to summary judgment because they were not responsible for computing Judge's release date and because no jury could reasonably conclude that they acted with deliberate indifference. Dkt. No. 47.

A corrections officer violates the Eighth Amendment when his or her deliberate indifference causes a prisoner to be detained longer than he should have been. *See Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006). Thus, to prevail on his claim, Judge must show that he was detained in prison for longer than he should have been due to the deliberate indifference of Defendants. *See Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015). To show deliberate indifference, Judge must present evidence that would allow a jury to reasonably conclude that

Defendants failed to act despite knowing that his sentence computation was incorrect. *See Zastrow v. Thesing*, No. 18-C-1236, 2018 WL 5251752, at \*2 (E.D. Wis. Oct. 22, 2018) (citing *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993)).

It is not enough for Judge to allege a miscalculation in his sentence computation. Section 1983 limits liability to those individuals who were personally involved in a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). It is undisputed that Defendants were not themselves responsible for calculating Judge's release date. This makes Judge's claims against them more difficult to establish. As reviewing authorities, however, Defendants were responsible for verifying his release date once a potential error was brought to their attention. If Defendants had found an error in the calculation and knowingly refused to correct it, they would be subject to liability. In other words, even though the original error was made by someone else, these Defendants could still be liable—for their own individual actions—in failing to correct that error if it was brought to their attention during the review process. *See Childress*, 787 F.3d at 439-40 (emphasizing that a defendant may be liable if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it).

Judge's claims fail because, even if a miscalculation occurred, he offers no evidence from which a reasonable jury could conclude that these Defendants acted with deliberate indifference. Defendants explain that in reviewing Judge's allegations, they examined the relevant information presented to them and concluded that Judge's release date was correctly calculated. Judge offers no evidence to rebut Pollard's assertions that he reviewed the ICE's investigation into Judge's complaint along with the offender records supervisor's computation and concluded that the release date was correctly calculated. Nor does he offer evidence to rebut Davidson's assertions that after reviewing Judge's offender data form, the computation, and the offender records supervisor's

5

report, she too concluded that his release date was correctly calculated. Neither Pollard nor Davidson ignored Judge's complaint; they reviewed the supporting documentation and relied on the offender records supervisor's explanation of how to calculate the release date. *See Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016) (explaining that administrators are entitled to relegate to prison staff the primary responsibility for specific prison functions such as calculating release dates). Given that they detected no error in the offender records supervisor's methodology for calculating Judge's release date or in the actual calculation, no jury could reasonably conclude that they acted with deliberate indifference when they dismissed Judge's complaint.

Judge insists that, regardless of their investigation, they too, like the offender records supervisor, are mistaken. But, even if Judge is correct and Defendants are mistaken, mere mistakes by a government official are not enough to support a constitutional claim. *See Figgs*, 829 F.3d at 903 ("Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk."). Because Judge fails to create a triable issue on whether Defendants acted with deliberate indifference when they investigated and dismissed his complaint, Defendants are entitled to summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 46) is **GRANTED** and this case is **DISMISSED.** The Clerk's office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.